**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **REGINA JACKSON,** | ) | |
| | ) | **Case No.:** |
| Plaintiff**,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| **ACCOUNT RESOLUTION SERVICES,** | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | **(Unlawful Debt Collections Practices)** |
| _____ | ) | |

## <u>COMPLAINT</u>

REGINA JACKSON ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against ACCOUNT RESOLUTION SERVICES ("Defendant"):

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

PLAINTIFF'S COMPLAINT

3.      Defendant regularly conducts business in the State of Delaware therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Wilmington, Delaware 19805.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a company with its principal place of business located at P.O. Box 459079, Sunrise, FL 33345.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. 153 (39).

10.     At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all times material hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

13.     The debt at issue relating to a Walmart credit card, arose out of transactions primarily for personal, family, or household purposes.

PLAINTIFF'S COMPLAINT

14.     Plaintiff has a cellular telephone number that she has had for more than one year, and Plaintiff has only used this number as a cellular telephone number.

15.     By way of background, Defendant began contacting Plaintiff in or around late November 2015.

16.     Defendant's calls originated from the numbers including, but not limited to; (800) 694-3048. The undersigned has confirmed that this number belongs to Defendant.

17.     Upon initial communication in 2015, Plaintiff told Defendant to stop calling her cellular telephone.

18.     However, Defendant ignored Plaintiff's request and continued placing repeated harassing telephone calls to Plaintiff through April 2016 in its attempt to collect the alleged debt.

19.     On several occasions during that time, Plaintiff again repeated her request that calls to her cellular telephone stop, but these requests were also ignored.

20.     Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassment.

21.     Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded messages.

22.     Plaintiff knew she was receiving pre-recorded messages as each call would begin with the same automated message before she would be transferred to a live representative.

23.     Defendant's calls were not made for "emergency purposes", rather Defendant was attempting to collect the aforementioned credit card debt.

24.     Defendant's actions, as described herein, were made with intent to harass, upset, and coerce payment from Plaintiff.

PLAINTIFF'S COMPLAINT

25.     Furthermore, upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.


## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

26.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28.     Defendant violated §§ 1692d and 1692d(5) when it placed repeated telephone calls to Plaintiff on her cellular telephone, and continued calling between January and April 2016 knowing that its calls were unwanted.


## COUNT II
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

29.     As detailed in the preceding paragraphs, Defendant's conduct violated the Telephone Consumer Protection Act.

30.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32.     Defendant's calls in and after 2015, were not placed with Plaintiff's consent.

33.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

34.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

35.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, REGINA JACKSON, respectfully prays for judgment as follows:

   a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

   d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

PLAINTIFF'S COMPLAINT

e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REGINA JACKSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:  1/20/17                    By:*/s/ W. Christopher Componovo*
                                        W. Christopher Componovo
                                        Attorney ID #3234
                                        Kimmel & Silverman, P.C.
                                        Silverside Carr Executive Center
                                        Suite 118, 501 Silverside Road
                                        Wilmington, DE 19809
                                        Phone: (302) 791-9373
                                        Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT